# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 19-10137-01,05,10,13-EFM

LUIS MARTINEZ-CARRANGO, et al.,

    *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Luis Martinez-Carrango's Motion to Dismiss Indictment (Doc. 69) for violation of his rights under the Speedy Trial Act. The Court held a hearing on this motion on April 30, 2020. For the following reasons, the Court denies Martinez-Carrango's motion.

### I.   Factual and Procedural Background

On October 9, 2019, the Grand Jury returned a 33-count Indictment against 15 defendants, charging a variety of controlled substance crimes.[1]  Martinez-Carrango was arrested on October 22, 2019, along with Antonio Edder Calderon-Reyes, Manuel Leyva-Quijada, Alfredo Rey, Jose

---

[1] The Government filed a superseding indictment on February 26, 2020.

Rosa-Pacheco, and Jerry Taylor. Martinez-Carrango's Rule 5/Initial Appearance was held the following day, October 23. Cain was arrested on November 8 and Vela was arrested on March 2. As of March 10, no arrest warrants had been returned nor had any arrests been executed for Defendants Yader Arita, Rusbein Galicia-Lopez, Abraham Gutierrez-Ojeda, Raul Gutierrez-Zamaripa, Christopher Hite, Enrique Rodgriguez, and Carlos Rosa-Arita. In total, as of March 10, seven of the 15 Defendants remained at-large. On March 11, the Court designated the Case complex.

Martinez-Carrango filed this motion on February 13, 2020, seeking to dismiss the Superseding Indictment for violation of the Speedy Trial Act. Cain and Taylor subsequently joined Martinez-Carrango in this motion.[2] Although the Court designated this Case complex on March 11, it emphasized that the designation in no way affects Defendants' rights under the Speedy Trial Act as they existed before March 11. On April 30, the Court held a hearing on the matter and now issues its decision after reviewing the Parties' supplemental briefings.

## II.   Legal Standard

Congress passed the Speedy Trial Act to protect a defendant's Sixth Amendment right to a speedy trial. "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending,

---

[2] At the beginning of the hearing on this motion held on April 30, Jose Rosa-Pacheco made an oral motion to also join Martinez-Carrango's motion, which the Court granted.

whichever date last occurs."[3]  The Speedy Trial Act exempts certain periods from the time in which an individual is required to be brought to trial.[4]

When the Speedy Trial Act is violated, dismissal is mandatory, but the Court retains discretion to dismiss with or without prejudice.[5]  When determining whether to dismiss with prejudice, the Court must consider the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a re-prosecution on the administration of justice.[6]

### III.    Analysis

Martinez-Carrango's initial appearance was on October 23, 2019.  Under the Speedy Trial Act, the Government had until January 1, 2020, to begin Martinez-Carrango's trial, not accounting for any excludable time.  Martinez-Carrango argues that there was no applicable excludable time and that he is therefore being held in violation of the Speedy Trial Act.  The Government argues that at the status conference on January 6, Defendants agreed to a continuance and therefore there is no Speedy Trial violation.  Martinez-Carrango denies agreeing to a continuance if one was even granted at all.  Because the Court concludes that Martinez-Carrango's motion should be decided on other grounds, it will not address the parties' arguments in this Order.  Additionally, the Court will not consider any period after March 11 to be relevant to its determination regarding Speedy Trial issues, since this Case was designated complex at that point.

---

[3] 18 U.S.C. § 3161(c)(1).

[4] 18 U.S.C. § 3161(h)(1).

[5] 18 U.S.C. § 3162(a)(2); *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005).

[6] 18 U.S.C. § 3162(a)(2).

Under certain enumerated circumstances, the 70-day limit imposed by the Speedy Trial Act tolls.[7]  In particular, the limit tolls during "delay resulting from the absence or unavailability of the defendant or an essential witness."[8]  " '[E]ssential witness' delays granted pursuant to § 3161(h)(3)(A) . . . need not comply with the more stringent requirements of 'ends-of-justice' continuances which are made pursuant to § 3161(h)(8)(A)."[9]

"All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."[10]  The speedy trial period does not run as to a defendant who is a fugitive who has not been brought before the court.[11]  The exclusion under (h)(7) is limited to that period of delay which is reasonable.[12]  Any reasonable period of delay excludable as to one defendant is excludable as to his codefendants.[13]  As a result, the reasonable period of delay caused by a defendant's absence is automatically excludable for that defendant and excludable against the codefendants.[14]

---

[7] 18 U.S.C. § 3161(h).

[8] *United States v. Allen*, 235 F.3d 482, 490 (10th Cir. 2000) (citing 18 U.S.C. § 3161(h)(3)(A)).

[9] *Id.* at 491.

[10] *United States v. Ramos*, 846 F. Supp. 927, 929 (D. Kan. 1994) (citing *Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986)).

[11] *United States v. Mayes*, 917 F.2d 457, 460 (10th Cir. 1990) (citing 18 U.S.C. § 3161(h)(3)).

[12] *Henderson,* 476 U.S. at 326-27.

[13] *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir.1990)

[14] *Ramos*, 846 F. Supp. at 929.

In determining the reasonableness of the delay and the period excluded, courts must consider all relevant circumstances based on the facts of each case.[15] The primary purpose of the exclusionary provision under (h)(7) is to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."[16] A single trial is preferred when "the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses."[17] Courts also consider whether or not the defendant sought a severance from the other defendants or otherwise drew the court's attention to the delay.[18]

The Court concludes that there was not a Speedy Trial Act violation before this Case was designated as complex. As of March 10, more than half of the Defendants had not been arrested or brought before the Court. The delay in bringing Martinez-Carrango to trial was reasonable because the passage of time was not significant in consideration of the overall facts and circumstances of the entire case as of March 10, and the remaining defendants were either in custody elsewhere or the U.S. Marshals were actively attempting to execute the outstanding arrest warrants for the other remaining co-Defendants. Furthermore, the Court diligently handled the case, holding a status conference on January 6 to discuss various issues, including the amount of discovery, the speedy trial clock, a possible continuance, and the need to designate the Case complex. If the delay in bringing Martinez-Carrango to trial was caused by anyone in particular, the at-large Defendants caused it themselves.

---

[15] *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986); *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 916 (10th Cir.), *opinion supplemented on reh'g,* 881 F.2d 866 (10th Cir. 1989), and *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).

[16] *Theron,* 782 F.2d at 1514.

[17] *Tranakos*, 911 F.2d at 1426 (citations and quotations omitted).

[18] *Id.*; *Mobile Materials*, 871 F.2d at 917.

Additionally, the Court possesses a strong interest in wanting to try the Defendants in a single trial. The Case concerns various alleged violations of the Controlled Substances Act, all of which are closely intertwined and involve each of the Defendants one way or another. Based on this common nucleus of operative fact, the Government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses to make its case. The Court seeks to efficiently use its judicial resources—and not cause the Government to needlessly waste its prosecutorial resources—by trying the Defendants in a single trial. Lastly, Martinez-Carrango has not sought a severance from the other Defendants. Even though he has drawn the Court's attention to the delay, the totality of the circumstances leads the Court to conclude that the delay was reasonable under the Speedy Trial Act.

Since the delay was reasonable, the time between Martinez-Carrango's arraignment and March 10 was excludable from the Speedy Trial Act calculation. The Speedy Trial clock would not have begun running until the final Defendant was presented to the Court. Since that did not occur before March 10, and since the Case was designated complex on March 11, the Court concludes that there has not been a violation of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant Luis Martinez-Carrango's Motion to Dismiss Indictment (Doc. 69) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE