IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 19-10137-01-EFM

LUIS MARTINEZ-CARRANGO

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Luis Martinez-Carrango's Motion to Reduce Sentence (Doc. 430).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. For the reasons stated below, the Court dismisses Defendant's motion.

On November 22, 2021, Defendant pleaded guilty to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). According to Defendant's Presentence Investigation Report ("PSR"), he had a criminal history score of 0 and a criminal history category of I. Based upon his total offense level of 41 and criminal history category of I, his sentencing guideline range was calculated at 324 to 405 months. On February 7, 2022, the Court sentenced

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

Defendant to 300 months' imprisonment. On June 24, 2024, Defendant filed this motion seeking a reduction in his sentence.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5] Relevant here, Defendant states that he is eligible for a two-point reduction under Part B of Amendment 821.

Defendant is indeed a zero-point offender, but he is still not entitled to relief. Pursuant to § 4C1.1, an adjustment for certain zero-point offenders is only warranted if all the criteria are met.[6] One of the requirements is that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited July 11, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See* U.S.S.G. § 4C1.1(a)(1)-(10) (stating that if the defendant meets *all* ten requirements, the defendant's offense level will be decreased by two levels).

U.S.C. [§] 848."[7] According to Defendant's PSR, he received a four-level enhancement pursuant to § 3B1.1(a) as an organizer or leader of a criminal activity that involved five or more participants. Thus, Defendant is ineligible for a sentence reduction.[8]  Accordingly, the Court dismisses Defendant's motion.[9]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 430) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 12th day of July, 2024.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] U.S.S.G. § 4C1.1(a)(10).

[8] *See United States v. Urias-Avilez*, 2024 WL 626165, at *2 (D. Kan. 2024) (finding that the defendant was ineligible for relief under Amendment 821 because he received an aggravating adjustment under § 3B1.1); *United States v. Read-Forbes*, 2024 WL 382638, at *1 (D. Kan. 2024) (same).

[9] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).